*186 The opinion of the Court was delivered by
Evans, J.
If I were to undertake to define what is a private way, and wherein it differs from those neighborhood roads, which are called private paths in the old Acts of Assembly, I should but repeat what has been said in the cases heretofore decided. The substance of these decisions is set out in the charge of the circuit Judge as reported to this Court. See Sims vs. Davis, Chev. 1; Hogg vs. Gill, 1 McM. 329; Nash vs. Peden, 1 Sp. 17; Prince vs. Wilbourn, 1 Rich 58; State vs. Mobley, 1 McM. 47; State vs. Sartor, 2 Strob. 60. On the grounds which relate to these questions, this Court does not perceive any error, of law, in the charge of the circuit Judge to the jury. As to the facts, I do not consider there was a shadow of evidence to give this road a public character. Beyond Pearce’s house, there was no evidence to establish either a public or a private way. If any was established, it was a private way from the plaintiff's house to the Marion road. The evidence on this point was certainly not so full and conclusive as I would have desired; but the subject is one about which full and reliable evidence can seldom be attained. Even in transactions of recent date, the memory of man is often fallacious, and is much more so in relation to what was done or said at times long since passed. In this case, there was evidence to establish the way, and as, with proper instructions on the law, the jury have found for the plaintiff, this Court will not disturb the verdict.
As to the fifth ground, which objects to the amendment of the verdict, I have no other remark to make but this, that it is every day’s practice, and I do not see how justice can be properly administered, unless informal and erroneous verdicts can be corrected, so as to make them conform to the law and consistent with the intention of the jury. Nor do I see any reason for the interference of this Court on the sixth ground. The declaration sets out the termini of the road; and the verdict establishes the plaintiff’s right of way from one terminus to the other, that is, from the plaintiff’s house to the public road, and this is all that the authorities require. Indeed, I do not see how there could be *187 any greater certainty, without annexing a plat, which I have never known done in these actions, which are for damages alone.
The second, third and fourth grounds require a more full examination. The second ground alleges that, even if the right of way formerly existed, it had been extinguished, when John McClenaghan purchased Pearce’s land at the sale by the sheriff. If the sheriff’s deed had conveyed the land in fee simple, without the trusts, there is no doubt the way would have been extinguished, according to all the authorities. The essential ingredient of a right of way would be wanting; it would not be a right of way over another’s land, but over his own land. The minor right would be merged in the greater. It would seem, from the authorities and the reason of the rule, that, in general, this can only be where the fee simple of both tenements are united. If McClenaghan had leased Pearce’s land for a year or years, this would not be an extinguishment, but only a suspension during the lease. So also, if the owner of the servient tenement shall buy a life estate in the dominant tenement, this would not impair the rights of those in remainder. On the termination of the life estate, the remainderman would take the estate with all the appurtenances and easements originally attached to it. See 2 Hilliard, 3; 3 Kent, 449 ; Woolrych on Ways, 4 Law Lib. 70. This makes it necessary to enquire what estate McClenaghan took under the sheriff’s deed. The trusts declared, are for Mrs. Pearce for life, and after her death to her children. On the death of Mrs. Pearce, the statute of uses would execute the use in her children without any conveyance from the trustee. The effect of the deed was to convey to McClenaghan an estate during the life of Mrs. Pearce, with a remainder in fee to her children. It is immaterial whether the statute executes the use at the date of the deed, as some have supposed, or on the death of Mrs. Pearce. In either case the effect would be the same.— McClenaghan’s estate would be only for the life of Mrs. Pearce, and having only a life estate, the way would not be extinguished. But it may be said that the way, although not extinguished, was suspended, and no action will lie during the suspension. *188 In the application of legal principles, we must have regard to the reason of them. It is clear the intention of the deed was, that Mrs. Pearce should have the occupation of the land: the way was as essential to her and her husband after as before the sale. McClenaghan, although legally the owner, as to the use and enjoyment was only nominally the owner. Both extin-guishment and suspension are but implications of law, which take away the easement as no longer necessary to the enjoyment of the estate. The easement was as necessary afterwards as before the sale, and the reason for suspension did not exist.
The third and fourth grounds relate to the pleadings and evidence. The first count in the declaration states that the plaintiff was “ seized and possessed of a certain piece of land with the appurtenances and easements thereunto belonging,” &c. “ and, by reason thereof,” was entitled to the way. Now the plaintiff was not seized in the strict legal sense of that word; he had only a possession in right of his wife. According to the authorities, it was not necessary for the plaintiff to have alleged a seizin in the land — possession alone, if rightful, was sufficient to maintain the action. Saund on Pl. & Ev. 918 ; 1 Com. Dig. 406, B. The objection is, that having so stated his title, he was bound to prove it. This, in general, is true, but in actions for torts, the same strict rule of proof is not required as on contracts. This mode of stating the plaintiff’s title is usual in actions of trespass ; and I have never known the objection prevail, that he did not prove both seizin and possession. The plaintiff proved his possession, and that was all that was necessary to give him a right of action; and this we think sufficient after verdict, even if it could have prevailed in another form, which I am not inclined to think. The second count alleges that the plaintiff “ hath been, and still is, possessed of a certain piece or parcel of land, with the appurtenances and easements thereunto belonging,” (fee. “ and then had, and still of right ought to have, a certain way,” &c. In this count, the possession of the land and the right to the way are both set out, but it does not connect them by saying, that the rignt of way was by reason of his *189 possession. The objection is, that the right claimed by the pleading is a right in gross, or one personal to the plaintiff, but the right proved on the trial was appurtenant to the land ; and hence there was a variance between the allegata and the pro-bata. It would certainly have been better pleading and more in conformity with the usual precedents to have stated the plaintiff’s right of way to have been by reason of the possession. This is a motion for a new trial. After verdict, the Court will look into the pleadings, and if a cause of action is set out in an intelligible form, although not with technical accuracy, the verdict will be sustained. We think this has been done. The words, “ by reason thereof” are omitted, but the clear meaning is the same as if these words had been used. If the plaintiff had been suing for a right in gross, it would have been wholly unnecessary to have alleged any possession.
The motion for a new trial is, therefore, dismissed.
O’Neall, Wardlaw, Frost and Whitner, JJ. concurred.
Withers, J. did not hear the argument.

Motion dismissed.